IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GEORGE HARRY DAVIS, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:04cv491 |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM ORDER OVERRULING MOVANT's OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE's REPORT AND RECOMMENDATION**

Movant George Harry Davis, Jr., an inmate at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge issued a report recommending that the above-styled motion be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes movant's objections are without merit.

Movant filed a supplemental motion to vacate, set aside or correct sentence after the magistrate judge issued his Report. This memorandum opinion also considers movant's supplemental motion.

In his supplemental motion, movant relies on the recent Supreme Court decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), in addition to *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), as asserted in his original motion. However, such claims are without merit.

The Fifth Circuit Court of Appeals has expressly addressed consideration of *Apprendi, Blakely* and *Booker* on collateral review:

> [I]t is clear that *Booker* has not been made retroactive to cases on collateral review by the Supreme Court. The Supreme Court did not so hold in *Booker*, nor has the Court done so in any case since *Booker*. The same is true with respect to *Apprendi* and *Blakely*. In fact, in *Booker*, the Court expressly held that both the Sixth Amendment holding and its remedial interpretation apply "to all cases on direct review." 125 S.Ct. at 769 (emphasis added). The Court could have, but did not, make any reference to cases on collateral review.
>
> In addition, the Supreme Court has not rendered any decision or combination of decisions that, while not expressly making the rule of *Apprendi, Blakely* and *Booker* retroactive, "necessarily dictate[s] retroactivity" of that rule. *Tyler*, 533 U.S. at 666, 121 S.Ct. 2478, 150 L.Ed.2d 632. To the contrary, the Supreme Court has strongly suggested that *Apprendi* and, by logical extension, *Blakely* and *Booker* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding that *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of Apprendi to facts increasing a defendant's sentence from life imprisonment to death, does not apply retroactively to cases on collateral review).

*In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005). Further, the Fifth Circuit recently held that the *Booker* decision does not apply retroactively on collateral review to a first § 2255 motion. *See United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005). Thus, *Apprendi, Blakely*, and *Booker*

are not available to movant in this initial collateral review. Accordingly, movant's motion to vacate, set aside or correct sentence is without merit and is barred by limitations.[1]

### **O R D E R**

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

So **ORDERED** and **SIGNED** this **13** day of **September, 2006.**

_____
Ron Clark, United States District Judge

---

[1] The court notes the motion is absent any allegations that exceptional circumstances existed such as to warrant the application of equitable tolling.